# EXHIBIT 1

| | |
|---|---|
| **VILLARI, LENTZ & LYNAM, LLC**<br>By: Leonard G. Villari, Esquire<br>Attorney I.D. No. 68844<br>100 N. 20th Street, Suite 302<br>Philadelphia, PA 19103<br>215-568-1990<br>215-568-9920 FAX<br>lgvillari@aol.com | THIS IS MAJOR JURY CASE<br>ASSESSMENT OF DAMAGES<br>IS REQUIRED<br><br>Attorney for Plaintiff |

Filed and Attested by the
Office of Judicial Records
26 SEP 2022 02:38 pm
E. HAURIN

| | |
|---|---|
| KATHLEEN GALLAGHER<br>5448 Hermit Terrace, 1st Floor<br>Philadelphia, PA 19128, | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: CIVIL ACTION<br>: |
| *Plaintiff,* | :<br>: SEPTEMBER TERM, 2022<br>: |
| v. | : NO.<br>: |
| BJ'S WHOLESALE CLUB, INC. D/B/A BJ'S<br>WHOLESALE CLUB<br>300 Alan Wood Road<br>Conshohocken, PA 19428, | :<br>:<br>:<br>:<br>: |
| TOM BOLTON<br>555 Gibson Avenue<br>Jenkintown, PA 19046, | :<br>:<br>:<br>: |
| and | :<br>: |
| JOHN/JANE DOE DEFENDANTS 1-3<br>(Fictitious Names for Individuals and Entities), | :<br>:<br>: |
| *Defendants.* | : |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado yentregar a la corte en forma escrita sus defensas o sus objections a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar lademanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y require que ested cumpla con Todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SINO TIENE ELDINERO SUFICIENTE |

Case ID: 220902451

LEGAL HELP.

**LAWYER REFERENCE SERVICE**
**1101 Market Street - 11th Floor**
**Philadelphia, Pennsylvania 19107**
**215-238-6333**

DE PAGAR TAL SER ICO, VAYA EN PERSONA O LLAME POR A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**SERVICIO DE REFERENCIA LEGAL**
**1101 Market Street - 11th Floor**
**Filadelfia, Pennsylvania 19107**
**215-238-6333**

2

Case ID: 220902451

| | |
|---|---|
| **VILLARI, LENTZ & LYNAM, LLC**<br>By: Leonard G. Villari, Esquire<br>Attorney I.D. No. 68844<br>100 N. 20th Street, Suite 302<br>Philadelphia, PA 19103<br>215-568-1990<br>215-568-9920 (fax)<br>lgvillari@aol.com | THIS IS MAJOR JURY CASE<br>ASSESSMENT OF DAMAGES<br>IS REQUIRED<br><br><br>Attorney for Plaintiff |

| | |
|---|---|
| KATHLEEN GALLAGHER<br>5448 Hermit Terrace, 1st Floor<br>Philadelphia, PA 19128,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>BJ'S WHOLESALE CLUB, INC. D/B/A BJ'S<br>WHOLESALE CLUB<br>300 Alan Wood Road<br>Conshohocken, PA 19428,<br><br>TOM BOLTON<br>555 Gibson Avenue<br>Jenkintown, PA 19046,<br><br>and<br><br>JOHN/JANE DOE DEFENDANTS 1-3<br>(Fictitious Names for Individuals and Entities),<br><br>　　　　　*Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>SEPTEMBER TERM, 2022<br><br>NO. |

## CIVIL ACTION COMPLAINT

1.　Plaintiff Kathleen Gallagher is an adult individual, *sui juris*, residing at 5448 Hermit Terrace, First Floor, Philadelphia, Pennsylvania 19128.

2.　Defendant, BJ's Wholesale Club, Inc. d/b/a BJ's Wholesale Club d/b/a BJ's is a Delaware corporation with a principal place of business located at 25 Research Drive, Westborough, Massachusetts, 015581. This Defendant regularly and continuously conducts

3

business in Philadelphia County, including at two stores therein, located at 2300 W. Oregon Avenue, Philadelphia, Pennsylvania and 2044 Red Lion Rd, Philadelphia, Pennsylvania.

3. According to its website, Defendant BJ's Wholesale Club, Inc. is "a leading warehouse club operator on the East Coast of the United States" with 221 stores, or "clubs." Defendant sells groceries, electronics, eyeglasses, and other items at its warehouse clubs.

4. At all times material hereto, Defendant BJ's Wholesale Club, Inc. owned, managed, and/or controlled the premises located at 300 Alan Wood Road, Conshohocken, PA, 19428, including the parking lot described below.

5. Defendant Tom Bolton a/k/a Thomas Bolton, is an adult individual and, upon information and belief, a resident of Montgomery County, Pennsylvania, residing at 555 Gibson Avenue, Jenkintown, Pennsylvania.

6. At all times material hereto, Defendant Bolton was the general manager of the BJ's Wholesale Club store which was located at 300 Alan Wood Road, Conshohocken, Montgomery County, Pennsylvania, where Plaintiff fell and was injured.

7. Defendant(s) John Doe/Jane Doe 1-3 are corporate and/or business entities and/or adult individuals who were responsible for the condition of the parking lot and safety of the premises, and whose identit(ies) are presently unknown, despite a diligent search.[1]

8. At all times material hereto, Defendants (including any John/Jane Doe Defendants) were acting by and through their employees, agents, tenants, servants, ostensible agents, and/or workmen.

---

[1] Plaintiff avers, pursuant to Rule of Civil Procedure 2005, that the names "John Doe" and "Jane Doe" are fictitious names, as the actual names and identities of any additional, responsible persons/entities are currently unknown to Plaintiff and counsel, despite a reasonable search with due diligence to identify them.

4

9. At all times material hereto, Defendants were responsible for regularly patrolling and monitoring the BJ's Wholesale Club and its adjacent parking lot, and for ensuring that these areas remained free of slip and fall hazards.

10. At all times material hereto, Defendants were responsible for implementing and enforcing rules, protocols, and procedures to ensure the safety of the premises, to include avoiding the creation of slip and fall hazards.

11. Defendants are vicariously liable for the acts and omissions of their agents, tenants, servants, workmen, ostensible agents, and employees, including those responsible for ensuring that the BJ's Wholesale Club at 300 Alan Wood Road, Conshohocken remained free of slip and fall hazards.

12. On October 23, 2020, Plaintiff was a business invitee at the BJ's Wholesale Club located at 300 Alan Wood Road, Conshohocken, Montgomery County, Pennsylvania.

13. While walking in the BJ's parking lot from Defendants' store to her vehicle, Plaintiff suddenly, without warning, slipped and fell on a glossy BJ's Wholesale Club coupon mailer that was lying on the ground.

14. Her foot slipped out from under her and she fell backwards onto her buttocks and right hand.

15. Plaintiff Ms. Gallagher fractured her hand when it impacted the hard asphalt of Defendants' parking lot.

16. Defendants had actual and/or constructive notice of the presence of the glossy mailer, which had been present and allowed to remain on the ground for an unreasonable amount of time under the circumstances.

Case ID: 220902451

17. Moreover, Defendants had actual notice of the fact that their parking lot would be routinely littered with these coupon mailers, as they are frequently mailed to all of their customers and also provided to invitees inside the store, when they arrive and when they exit.

18. Knowing that these coupon mailers would either be accidentally or purposefully discarded by invitees, left behind in carts and then blown away by the wind, or otherwise strewn about the parking lot, Defendants had a duty to ensure that this paper litter was promptly removed.

19. Defendant BJ's Wholesale Club, Inc. does not provide bags for shoppers to carry their purchases in, thereby increasing their chances that its mailers would be discarded and/or dropped as invitees leave the store (because customers have nothing to place them in).

20. As a direct and proximate result of the aforementioned accident, Plaintiff Ms. Gallagher suffered serious and permanent personal injuries as set forth below, and required multiple surgeries, including surgery for hardware removal.

21. At no time material hereto did Defendants warn against the hazardous condition so as to apprise invitees of the danger.

22. The aforementioned accident was in no manner caused by any act or failure to act on the part of Plaintiff and was directly and proximately caused by the negligence and carelessness of Defendants.

### COUNT I
### PLAINTIFF V. ALL DEFENDANTS (INCLUDING JOHN/JANE DOES)
### NEGLIGENCE

23. Plaintiff hereby incorporates by reference the averments contained in the preceding paragraphs as though they were fully set forth herein at length.

24. The aforementioned incident was caused by the negligent and careless conduct of

Defendants, acting individually and/or by and through their employees, servants, agents, ostensible agents, and/or workmen, and consisted, *inter alia*, of the following:

- a. Failure to exercise reasonable care;
- b. Failure to exercise reasonable care under the circumstances;
- c. Failure to safely maintain the area where the incident occurred;
- d. Failure to exercise reasonable care by allowing a hazardous condition to remain in the parking lot, so as to constitute a menace, danger, nuisance, and trap for persons lawfully traveling thereon;
- e. Failure to warn Plaintiff and others of the existence of said dangerous condition;
- f. Failure to barricade or guard against the dangerous condition;
- g. Failure to provide a safe passageway for individuals lawfully traveling in the area;
- h. Creating and allowing the known danger to remain on the property for an unreasonable period of time without providing any warning or other hazard controls;
- i. Failure to adequately train their agents, servants, workmen and/or employees in recognizing and/or correcting slip/fall hazards;
- j. Failure to provide adequate general safety and hazard training;
- k. Failure to ensure that employees and/or personnel were assigned to look for and promptly remove strewn mailers and fall hazards;
- l. Failure to implement and enforce adequate policies, procedures, rules, and/or protocols to account for Defendants' frequent and routine

    distribution of glossy mailers, with knowledge that same were routinely dropped and/or discarded in their parking lot;

m.  Failure to patrol/inspect this segment of the parking lot with sufficient regularity such that timely clean up would have occurred;

n.  Failure to have a set schedule to ensure frequent checks of the parking lot area for slip and fall hazards;

o.  Failure to have a security camera or other means by which to monitor the parking lot and capture any hazardous conditions or incidents;

p.  Failure to provide bags to shoppers, which would afford invitees a place to put the mailers when they leave Defendants' store with their merchandise; and

q.  Failure to have an employee assigned to inspect and view the parking lot to pick up any dropped and/or discarded mailers.

25.  As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff suffered serious and permanent injuries, including, but not limited to, the following: right distal radial fracture; sprain and strain; muscle strain and injury; tenderness; spasm; permanent numbness and tingling; sensitivity to touch (thumb); reduced strength; bruising and abrasion; swelling; reduced range of motion; interrupted sleep; nervous shock; damage to the nerves and nervous system; embarrassment and humiliation; aggravation and/or exacerbation of all known and unknown pre-existing medical conditions; and other conditions not yet diagnosed by her healthcare providers.  Plaintiff also suffered severe aches, pains, mental anxiety and anguish and other injuries, the full extent of which is not yet known.

Case ID: 220902451

26. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has, in the past, and may in the future, suffer an inability to perform her usual and daily duties, labors, occupations, and avocations.

27. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has, in the past, and may in the future, be required to expend various and diverse sums of money in an effort to cure herself of her aforementioned ills.

28. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has, in the past, and may in the future, be required to undergo significant medical care, surgeries, therapy, treatment, and medications, in an effort to cure her ills.

WHEREFORE, Plaintiff demands judgment in her favor against Defendants for special and compensatory damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs, Rule 238 delay damages, and such other just and equitable relief as this Honorable Court deems proper.

**VILLARI, LENTZ & LYNAM, LLC**

BY: /s/ *Leonard G. Villari*
LEONARD G. VILLARI, ESQUIRE
Attorney for Plaintiff

Date: 9/26/22

Case ID: 220902451

## **VERIFICATION**

I, Leonard G. Villari, Esquire, hereby verify that I am the Attorney for Plaintiff in this action; I have read the foregoing Complaint, and the statements made therein are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

      */s/ Leonard G. Villari*
LEONARD G. VILLARI, ESQUIRE
Attorney for Plaintiff

Date: September 26, 2022